Arnold L. Fein, J.
Defendant, indicted for the crime of criminal facilitation in the second degree, moves to inspect the Grand Jury minutes and to dismiss the indictment and for alternate relief.
The indictment alleges that, on or about June 29,1972, defendant, ‘ ‘ believing it probable that he was rendering aid to a person who intended to commit a crime * * * engaged in conduct which provided such person with means and opportunity for the commission thereof and which in fact aided such person to commit a felony ”. (Penal Law, § 115.00.)
The court has read the Grand Jury minutes and finds that the evidence adduced before that body was sufficient, if believed, to establish that defendant, a New York City policeman, made available or gave a loaded revolver to one who was not a police officer and that the person who thus acquired the revolver used it in the commission of a felony. There was adequate corroboration to meet the requirements of section 115.15 of the Penal Law.
The issue is whether this is legally sufficient for indictment purposes, or whether there must be additional evidence to provide a basis for a finding by the Grand Jury or a trial jury that the defendant believed or had any reason to believe that the revolver would be so used.
As stated in the Practice Commentary, criminal facilitation, “ a new anticipatory or inchoate offense * * * involves a kind of accessorial conduct in which the actor aids the commission of a crime with knowledge that he is doing so but without *783 any purpose or specific intent to bring about, participate in or profit from the crime.” (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, art. 115.)
The statutory language ‘ believing it probable that he is rendering aid to person who intends to commit a crime ” (Penal Law, § 115.00) precludes a holding that the crime of criminal facilitation is committed by the mere act of giving, selling or otherwise making a weapon available to another who has no legal right to possess it. The person to whom the weapon is furnished must intend to commit a crime, other than mere possession. “No ‘ intent ’ by the facilitator to commit the prospective crime is required; the mens rea consists of a belief on his part that he is probably rendering aid ’ to the prospective perpetrator ” (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, Practice Commentary, to § 115.00).
The commentators indicate that there must be some basis in the evidence for finding the existence of such belief. The example they cite is one of a sporting goods salesman who sells a gun to a man he knows intends to use it to kill his wife. There is no such showing of knowledge in the testimony before this Grand Jury, unless it is sufficient to prove criminal facilitation to show, merely, that one who had a right to have a weapon made it available to one who had no such right, who used it to commit a felony. It must be held that the crime is not committed in the absence of some additional evidence from which an inference could be drawn that the defendant had such a belief. The statute does not, as drawn, create an inference or presumption of knowledge, from the mere transfer of the weapon, that the transferee had an intention to commit a crime. Since it is a criminal statute, it must be strictly construed.
In an instructive article, Surrogate Sobel (32 Brooklyn L. Rev. 257, 270) notes that the original draft of the new section required actual knowledge, using the definition “he knows that another person is committing or intends to commit a crime ”. The section, as adopted, substituted the phrase “believing it probable.” The Surrogate suggests, “as a practical matter only proof of knowledge will suffice at the trial. But indictments will be obtained indiscriminately with proof of nothing more than the fact of facilitation leaving ‘ probable ’ knowledge to be inferred from such conduct.”
This indictment suffers from that vice. An indictment must be based upon legally sufficient evidence which, if unexplained or uncontradicted, would warrant a conviction by a trial jury. (Matter of Proskin, v. County Ct. of Albany County, 30 N Y *784 2d 15; CPL 210.30, subds. 2 and 3; People v. Howell, 3 N Y 2d 672, affg. 3 A D 2d 153; People v. Nitzberg, 289 N. Y. 523.)
There was nothing before the Grand Jury from which an inference of knowledge could be drawn. Accordingly, the indictment must be held to be insufficient. If the intention was to make the crime of criminal facilitation consist merely in providing a weapon to another who uses it to commit a felony, appropriate language could have been used for such purpose, or a statutory inference or presumption could have been created.
The indictment is therefore dismissed and the defendant is discharged.
In view of this disposition, it is not necessary to rule on the remaining relief requested in the moving papers.